DOWNEY, Judge.
After twenty years of marriage and two children, ages 10 and 7, the husband fell for the baby sitter. The final judgment of dissolution which resulted awarded the custody of the children to the wife, together with child support and lump sum alimony in the form of the marital domicile, the furniture, and the family car. The judgment also stated “. . . additionally, the wife is recognized as having a one-half interest in the savings account ... in Lexington, Kentucky.” The court directed the custodian of the passbook to divide the account between the parties. The husband assigns as error the award of lump sum alimony and the finding that the wife owned a one-half interest in the savings account.
It is our view that the award of lump sum alimony in this case was well within the court’s discretion. However, the finding that the wife owned one-half of the savings account was erroneous.
The husband and his brothers inherited an undivided interest in some realty in Kentucky. While this dissolution proceeding was pending the brothers found it advantageous to sell the property. Before the wife would execute the necessary papers she insisted the husband’s share of the proceeds be placed in escrow to await the final judgment of dissolution. To implement this the parties agreed the money should be placed in a savings account in both their names and disbursed only upon their joint written consent or on order of the trial court. The passbook was held by the wife’s attorney.
Certainly the wife was well advised to require the proceeds of the sale be held to abide the ultimate decision of the trial court. However, the money belonged to the husband. The wife contributed nothing to its accumulation and had no ownership interest therein. The court did not award her any part of the account as alimony, so it must have considered the placing of the account in both names under the escrow agreement a gift. We think the proceeds of the sale were clearly the husband’s sole property and that they did not lose that character by virtue of the escrow agreement. Thus the finding that the wife owned one-half of the account must be reversed.
The determination of the amount of lump sum alimony and child support could have been affected by the court’s finding the wife owned one-half of the savings account. Therefore, upon remand the trial court may reconsider the entire award of alimony and child support as the equities of the case require.
Reversed in part and remanded.
MAGER, J., and FISCHER, GENE, Associate Judge, concur.